IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBINSON L. TENNEY,      )
                                  )
         Plaintiff,        )
                                  )
     vs.                )       2:17-cv-0761-LSC
                                  )
NANCY BERRYHILL,     )
Commissioner of          )
Social Security,         )
                                  )
       Defendant.     )

**MEMORANDUM OF OPINION**

## I.    Introduction

The plaintiff, Robinson L. Tenney, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a Period of Disability and Disability Insurance Benefits ("DIB").[1] Mr. Tenney timely pursued and exhausted his administrative remedies

---

[1]    In a decision dated May 20, 2014, the Administrative Law Judge ("ALJ") found the plaintiff was not disabled. (Tr. at 124-44.) The Appeals Council remanded the case on December 8, 2015. (Tr. at 145-49.) Among the Appeals Council's stated reasons for remanding the case to the ALJ was that the ALJ, despite giving "considerable" weight to the opinion of the state agency non-examining medical expert, Dr. Robert Estock, which found that Plaintiff was limited in his ability to interact appropriately with supervisors, co-workers, and the general public, did not include corresponding limitations in Plaintiff's RFC. (Tr. at 147.) Following another hearing on March 1, 2016, the ALJ again issued an unfavorable decision on June 27, 2016. (Tr. at 219, 12-32.) The Appeals Council denied the plaintiff's request for review. (Tr. at 1-3.)

and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Tenney was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 40.) He has a graduate equivalent degree ("GED"). (Tr. at 59.) His past work experiences include employment as a department store manager, an office manager, and a security guard. (Tr. at 25.) Mr. Tenney claims that he became disabled on September 18, 2009. (Tr. at 27.) He claims he is disabled due to degenerative disc disease and depression. (Tr. at 24.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's

residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Tenney meets the nondisability requirements for a period of disability and DIB and was insured through December 31, 2013. (Tr. at 16.) He further determined that Mr. Tenney has not engaged in SGA from the alleged onset of his disability through his date last insured. (Tr. at 19.) According to the ALJ, Plaintiff's impairments of depression, polysubstance abuse, degenerative disc disease, and carpal tunnel

syndrome are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 20.) The ALJ did not find Mr. Tenney's allegations to be totally credible, and he determined that he has the following RFC: to perform light work as defined in 20 C.F.R. § 404.1567(b), which allows occasional stooping and crouching, no driving, and no unprotected heights; he should be restricted to simple, repetitive, non-complex tasks; and he should have only casual contact with the general public. (Tr. at 22.)

According to the ALJ, Mr. Tenney is unable to perform any of his past relevant work. (Tr. at 25.) Through the dated last insured, considering his age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cashier II, production assembler, and parking lot attendant. (Tr. at 27.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, from September 18, 2009, the alleged onset date, through December 31, 2013, the date last insured." (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

One of Mr. Tenney's arguments in support of reversal and remand is that the ALJ failed to state the weight he gave to the opinion of David Eakin, Ph.D., his treating psychologist.[2] The Court agrees that this case must be reversed and remanded on that ground.

The weight afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with

---

[2] Plaintiff also argued that the ALJ erred in his consideration of the opinion of the state agency non-examining medical expert, Dr. Estock.

the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Within the classification of acceptable medical sources are the following different types of sources that are entitled to different weights of opinion: 1) a treating source, or a primary physician, which is defined in the regulations as "your physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you;" 2) a non-treating source, or a consulting physician, which is defined as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you;" and 3) a non-examining source, which is a "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case . . . includ[ing] State agency medical and psychological consultants . . . ." 20 C.F.R. § 404.1502.

The regulations and case law set forth a general preference for treating medical sources' opinions over those of non-treating medical sources, and non-treating medical sources over non-examining medical sources. *See* 20 C.F.R. § 404.1527(d)(2); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985). Thus, a treating physician's opinion is entitled to "substantial or considerable weight

unless 'good cause' is shown to the contrary." *Crawford*, 363 F.3d at 1159 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). "Good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record). On the other hand, the opinions of a one-time examiner or of a non-examining medical source are not entitled to the initial deference afforded to a physician who has an ongoing treating relationship with a plaintiff. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). However, an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)).

The record indicates that Dr. Eakin has been treating Plaintiff for mental health issues at the Birmingham, Alabama Veterans Administration Medical Center since March 2001. (Tr. at 363-1148, 1153-1216, 1223-1404.) In the ALJ's

first hearing decision denying Plaintiff's claim for disability, dated May 20, 2014, the ALJ discussed several treatment notes from Dr. Eakin: (1) a follow-up examination shortly after Plaintiff was hospitalized for suicidal ideations in November 2011, in which Dr. Eakin diagnosed Plaintiff with a Global Assessment of Functioning ("GAF") score of 60 (tr. at 132, 800-1148);[3] (2) a March 2012 examination in which Dr. Eakin opined that Plaintiff's depression was in remission and diagnosed him with a GAF score of 70 (tr. at 133, 800-1148); (3) a November 2012 examination for reported depression in which Dr. Eakin assessed Plaintiff with a single episode of severe depression without psychotic features and a GAF score of 48 (tr. at 133, 800-1148); (4) an examination for reported anxiety in September 2013 in which Dr. Eakin diagnosed Plaintiff with moderate depression and a GAF score of 52 (tr. at 133, 1153-1216); and (5) a follow-up examination in October 2013 in which Dr. Eakin diagnosed Plaintiff with a GAF score of 52 (tr. at 134, 1153-1216). The ALJ did not specify any weight that he was giving to these treatment notes in his first denial decision.

---

[3]    GAF scores reflect an examiner's subjective opinion regarding a patient's ability to function. *See* American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 32-34 (4th ed. 2000, Text Rev.) (describing the GAF scale used in Axis V of a diagnostic multiaxial evaluation). A GAF score falling in the range of 61-70 indicates only mild symptoms. *See id.* A GAF score falling in the range of 51-60 indicates "[m]oderate symptoms (e.g., flat affect and circumlocutory speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *See id.* A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job, cannot work)." *See id.*

After the Appeals Council remanded this case back to the ALJ in December 2015, Dr. Eakin completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" on March 31, 2016. (Tr. at 1217-19). In this opinion, Dr. Eakin indicated that Plaintiff had moderate limitations in his ability to understand, remember, and carry out simple instructions; moderate limitations in his ability to make judgments on simple work-related decisions; marked limitations in his ability to understand, remember, and carry out complex instructions; marked limitations in his ability to interact with the public, co-workers, and supervisors; and marked limitations in his ability to respond appropriate to changes in routine work setting. (Tr. at 1217-18). In the ALJ's second denial decision, dated June 27, 2016, the ALJ discussed Dr. Eakin's medical source statement, outlining the findings as stated above. (Tr. at 19.) However, the ALJ did not specifically state what weight, if any, he was giving to Dr. Eakin's medical source statement.

The regulations provide that an ALJ must consider all medical opinions in a claimant's case record, together with other relevant evidence. 20 C.F.R. § 404.1527(b). Eleventh Circuit case law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). In the absence of

such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id.* "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id.* (internal quotation marks omitted). In *Winschel*, the Eleventh Circuit reversed an ALJ's denial of benefits after determining that it was "possible that the ALJ considered and rejected" two medical opinions because "without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*; *see also McClurkin v. Social Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (unpublished) (failing to state weight given to non-examining physician's opinion constitutes reversible error).

The Court agrees with Plaintiff that the ALJ's failure to state what weight he was giving, if any, to Dr. Eakin's medical source statement was reversible error in this case. As an initial matter, Dr. Eakin's medical source statement is without question a "medical opinion" under the regulations and Eleventh Circuit case law. *See Winschel,* 631 F.3d at 1178–79 (holding that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can

still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). Moreover, as in *Winschel*, without an explicit statement of weight, this Court does not have a basis for reviewing whether the ALJ's decision was supported by substantial evidence. This is illustrated by the fact that the ALJ gave "significant" weight to the opinion of the non-examining medical expert, Dr. Estock, who opined in 2012 that Plaintiff was able to understand, remember, and carry out simple instructions, but would have greater difficulty with more detailed and complex instructions; was able to appropriately manage at least casual and informal contact with the general public, with co-workers, and with supervisors; and that proximity to others should not be intensive or prolonged, as Plaintiff might have difficulty interacting extensively with others when taxed or stressed. (Tr. at 119-123). The ALJ incorporated many elements of Dr. Estock's opinion into Plaintiff's RFC, stating that Plaintiff "should be restricted to simple, repetitive, non-complex tasks, and should have only casual contact with the general public." (Tr. at 22.) However, differing from the opinion of Dr. Estock, Dr. Eakin opined that Plaintiff had "marked" limitations in interacting appropriately with the public, supervisors, and co-workers. (Tr. at 19.)

"Marked" limitations are described in the regulations as limitations that seriously interfere with one's ability to function and indicate substantial loss in particular areas of mental functioning, second only to "extreme" limitations. *See* 20 C.F.R. § 404.1520(a). The ALJ's RFC, which allows for Plaintiff to have casual contact with the general public and says nothing about contact with supervisors and co-workers, suggests that at least some of the elements in Dr. Eakin's medical source statement were not considered and/or rejected. Thus, as in *Winchel*, "[i]t is possible that the ALJ considered and rejected th[is] medical opinion[], but without clearly articulated grounds for such a rejection, [this Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *See* 631 F. 3d at 1179.

The Commissioner argues that the ALJ *implicitly* credited Dr. Eakin's medical source statement, so any error by the ALJ in failing to expressly state what weight he was assigning the opinion was harmless. The Court disagrees for the reasons state above. Indeed, this case is not like some unpublished Eleventh Circuit opinions in which the court held that error on the part of the ALJ for failing to state the weight he or she was giving to the opinion of a physician was harmless because the RFC was consistent with the physician's opinion and remand would be futile. *See, e.g.*, *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (distinguishing

*Winschel* and affirming the Commissioner's decision because the court was not left pondering why the ALJ made the decision he made, noting that the court would not ignore the rest of the opinion merely due to the ALJ's failure to assign the weight to or mention a doctor's opinion); *Carson v. Comm'r of Soc. Sec.*, 373 F. App'x 986, 988-89 (11th Cir. 2010) (affirming an implicit rejection of a doctor's opinion where the ALJ's other findings on the subject matter of the opinion were clear and supported by substantial evidence); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 878 (11th Cir. 2013) (ALJ's failure to specify weight accorded to examiners' opinions was harmless where RFC was consistent with examiners' opinions); *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (absence of weight was harmless error where psychologist's opinions did not contradict the ALJ's findings).

The Court also notes that the fact that the ALJ had also discussed Dr. Eakin's treatment notes in his first denial decision does not make his failure to assign weight to his subsequent medical source statement harmless error. While the ALJ said he was incorporating by reference the evidence set forth in his prior decision into his second decision (*see* tr. at 19), and that evidence included treatment notes from Dr. Eakin when he saw Plaintiff at the Veteran's Administration Medical Center in November 2011, March 2012, November 2012,

September 2013, and October 2013 (*see* tr. at 132-34), that evidence, if anything, reveals that Dr. Eakin certainly established an ongoing treating relationship with Plaintiff during the time period under consideration by the ALJ—September 2009 through December 2013—and if the ALJ indeed intended to discount Dr. Eakin's opinions based on that treating relationship, he had to have had "good cause" to do so pursuant to the regulations and Eleventh Circuit case law.

On remand, the ALJ must state with particularity the weight given to Dr. Eakin's opinion, and to the extent he did not do so, the weight given to each treating and non-treating physician's opinion.[4]

## IV. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and briefs of the parties, the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability and DIB is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. A separate closing order will be entered.

---

[4] The ALJ's error, discussed above, is dispositive of this case. Therefore, it is unnecessary to address Plaintiff's remaining argument. *See* note 1, *supra. See also Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin*, 625 F. App'x at 963 n.3 (no need to analyze other issues when case must be reversed due to other dispositive errors).

**DONE** AND **ORDERED** ON SEPTEMBER 25, 2018.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704